The Mak Construction Company v. Commissioner.
Mak Constr. Co. v. Commissioner
Docket No. 6335.
United States Tax Court
1945 Tax Ct. Memo LEXIS 36; 4 T.C.M. (CCH) 1020; T.C.M. (RIA) 45342; November 15, 1945
David A. Gaskill, Esq., 1122 Guardian Bldg., Cleveland, O., and H. Walter Stewart, Esq., for the petitioner. Cecil H. Haas, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: This proceeding is for the redetermination of deficiencies in income tax, declared value excess profits tax, and excess profits tax for the calendar year 1941 in the amounts of $1,230.97, $1,238.32, and $2,869.92, respectively. The question in issue is whether the petitioner is entitled to deduct from gross income $21,043.37 paid to its president, treasurer, and general manager as compensation for services performed, or only $12,000 of that amount which has been determined by the respondent as reasonable compensation for services rendered by such person for 1941. Findings of Fact The petitioner is an Ohio *37 corporation which was incorporated on June 2, 1936, with its office and principal place of business at Cleveland. It filed its tax returns for the year 1941 with the collector of internal revenue for the eighteenth district of Ohio, at Cleveland. Since the date of its organization the petitioner has been continuously engaged in the business of erecting structural steel in the construction of commercial and industrial buildings, power houses, bridges and viaducts. It has operated both as a general contractor and as subcontractor. It does not furnish the materials but furnishes the labor for the erection of structural steel including trucking of materials to the place where needed. Eric Marklebust is the one person responsible for the organization of the corporation and for all of its operations. He was the president, treasurer and general manager of the corporation in 1941. In addition to being the chief executive and administrative officer of the petitioner during the entire period from 1936 to 1941, inclusive, Maklebust made all the sales, did the engineering work and was the general superintendent of all of the construction work done by the corporation. He obtained the contracts, *38 was his own draftsman, hired all of his men, and consulted with the other parties to the contracts as to the method of prosecution of the work. During 1941 the petitioner completed more than 30 contracts. In 1941 Eric Maklebust was 60 years of age. He had been engaged in steel construction for more than 40 years. For many years prior to 1929 he had been in charge of construction work which included the building of many important bridges, vladucts, etc. For a number of years prior to 1929 he had been connected with the T. H. Brooks Co. Due to a lull in construction work this company went out of existence in or about 1929. During that year Maklebust with two or three associates organized the Peoples Steel Co. This company obtained a number of important contracts. It was, however, forced to discontinue business because of a flood in August of 1934 or 1935 which damaged the first of eight spans of a bridge across Rocky River on which the company was doing construction work. The company went ahead and completed its contract but was unable immediately to make settlement with the State of Ohio for the work which had been done. Thereupon Maklebust and his associates, who were stockholders *39 of the Peoples Steel Co., organized the petitioner in 1936 for the purpose of carrying on similar construction work relieved of the liabilities of the Peoples Steel Co. The petitioner corporation was organized with a paid-in capital stock of only $2,500. Due to depressed business conditions in the structural steel industry there was comparatively little construction work done during the years 1936 to 1940, inclusive. The petitioner corporation did, however, obtain many contracts, some of which were completed at a small profit. At the close of 1941 the petitioner had a paidin capital of $24,560 and 993 no par value shares of stock outstanding of which Maklebust owned 515. The sales (completed contracts), net profits before taxes, and the amount of compensation paid to Eric Maklebust, the general manager of the company from the time of organization through the year 1941, were as follows: Compensation
Profit
to Eric
Year
Sales
or Loss
Maklebust
1936
$ 59,744.00
$ 303.00
$ 3,898.05
1937
97,329.00
277.00
7,010.44
1938
27,654.00
5,242.00 *
2,820.00
1939
53,046.00
502.00 *
2,600.00
1940
124,155.00
342.00
3,250.00
1941
343,516.70
21,916.40
21,043.37
*40 The records of the company subsequent to the year 1941 show a continuation of substantial sales and substantial profits. Balance sheets for the years ended December 31, 1936, December 31, 1940, and December 31, 1941, are as follows: 1936
1940
1941
ASSETS
Cash on Deposit
$ 897.13
$ 112.99
$ 5,523.15
Accounts Receiv-
able
6,949.52
15,673.83
10,479.28
Inventory of Sup-
plies
500.38
500.38
U.S. Bonds
Mach. Equip. -
Net
28,356.00
39,930.55
Real estate
3,000.00
3,000.00
Deferred Items
833.07
1,250.00
1,750.00
Total Assets
$8,679.72
$48,893.20
$61,183.36
LIABILITIES
Accounts Payable
and Notes
$5,876.56
$32,911.34
$14,290.58
Taxes Payable
3,027.19
12,798.37
Accrued Items,lCapital Surplus
2,300.00
2,300.00
Earned Surplus
303.16
4,905.33 *
7,234.41
Capital Stock
2,500.00
15,560.00
24,560.00
Total Liabili-
ties
$8,679.72
$48,893.20
$61,183.36
The petitioner paid no dividends upon its shares of stock during the years 1936 to 1944, inclusive. The amount of compensation paid to Maklebust during certain years prior to 1941 *41 was much less than reasonable compensation for services actually rendered. Maklebust cut his salary for the years 1938, 1939 and 1940 in order to keep the corporation solvent and to hold his force of employees together. During 1938 and 1939 Maklebust's secretary also voluntarily accepted a reduction of her salary which was later made up to her. It was the expectation of Maklebust that deficiencies in his own salary for these earlier years would be made up to him in a year when the corporation was prosperous. The petitioner paid Maklebust compensation totalling $2,043.37 for the year 1941 consisting of a salary or drawing account of $3,975 and 5 percent of the gross sales of the petitioner amounting to $17,068.37. The minutes of a meeting of the board of directors of petitioner held on December 30, 1941, show the following resolution to have been adopted: "WHEREAS, Eric Maklebust, Sr., the President, Treasurer and General Manager of this company, deligently pursued his various duties during the year of 1941, in behalf of this company, and WHEREAS as a result therefrom the business of the company was greatly enhanced over previous years, therefore, in recognition of such fine efforts *42 on the part of Eric Maklebust, Sr., it is resolved that said Eric Maklebust, Sr., shall be paid as a bonus or extra compensation, which shall be in addition to his regular salary, a sum of money equal to five percent (5%) of the amount of the total gross business done by this company during the calendar year 1941; it is further resolved that said extra compensation or bonus be paid to said Eric Maklebust, Sr., just as soon as the said total amount of said gross business is determined from the books of the company." In its tax returns for the calendar year 1941 the petitioner deducted from gross income $21,043.37 representing the amount of the compensation paid to Eric Maklebust in that year. Of this amount the respondent disallowed the deduction of $9,043.37 in the determination of the deficiencies upon the ground that such payment was in excess of reasonable compensation for services actually rendered to the corporation by Maklebust. A reasonable compensation for services rendered by Eric Maklebust to the petitioner in 1941 was $21,043.37. Opinion Section 23 of the Internal Revenue Code provides in material part as follows: SEC. 23. DEDUCTIONS FROM *43 GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * * The question presented is whether any part of the compensation paid to Eric Maklebust, petitioner's president, treasurer and general manager in 1941 is in excess of a reasonable allowance for salary or other compensation for services actually rendered. The respondent points to the fact that the deduction for compensation for Maklebust for 1941 was greatly in excess of that paid for any prior year. He does not question the fact that petitioner is entitled to the deduction of a greater amount for such compensation in 1941 than in any prior year but claims that the amount paid in excess of $12,000 is unreasonable and is therefore not a legal deduction from gross income. He further calls attention to the earnings record of the petitioner for years prior to 1941. He submits: * * * From this poor earning *44 record, it is evident that Maklebust has done a poor job of managing petitioner, and therefore, does not deserve more compensation than has been allowed by respondent for 1941 or than he has been paid in prior year. * * * Maklebust had been engaged in the business of erecting steel structures for a period of more than 30 years prior to the orgainzation of the petitioner corporation. He is a practical engineer. He is the only person in his organization who is responsible for the profits of the business. The erection of steel structures from the incorporation of the petitioner to 1941 was in a depression. Comparatively few buildings with steel frameworks were erected. The petitioner got its share of the business. But the total business was comparatively small. Maklebust does all of his engineering work himself. He is responsible for getting contracts; for advising builders in the erection of steel structures; is his own draftsman; is in active supervision of all contracts undertaken; and for the general management of the business. His reputation as a steel erector is well established. A witness for the petitioner, W. J. Schirmer, whose concern employed the petitioner on different *45 construction jobs, was asked what he thought of Maklebust's ability. His reply was as follows: Well, I think Mr. Maklebust is not one of the best, he is the best steel erector in this town and Northern Ohio that I know of. I think I know them all around this town. C. W. Jauch, executive secretary and manager of the Builders' Exchange, executive secretary of the Associated General Contractors, and secretary of the Ohio Construction Council, praised Maklebust highly and stated: * * * There is no company in Cleveland or that I know in these parts that enjoys a higher reputation of business integrity than the Mak Construction Company, none. When asked as to the experience and ability of Eric Maklebust in the steel and erecting field his answer was - "None better." The evidence shows that the operations of the petitioner for years prior to 1941 were not sufficient to pay Maklebust a reasonable amount of compensation for services rendered. Business was comparatively good in 1941. For the six years 1936 to 1941 the total business of the company amounted to $705,444.70, of which amount $343,516.70 was done in 1941. The petitioner had many important contracts during that year. Maklebust *46 worked long hours in supervising the business of the petitioner during 1941. The petitioner's business had its ups and downs. It has many times been recognized that the services of the principal officer of a corporation are worth more in some years than in others. In William S. Gray and Co. v. United States ( Ct. Cls. 1925), 35 Fed. (2d) 968, 975, it was said: What may be an ordinary and necessary expense for salary in a given corporation may vary from year to year, the variance being controlled by the fluctuating conditions of business generally and of the business itself and of the management. * * * From a consideration of the entire record we are of the opinion that no part of the compensation paid to Maklebust for 1941 was in excess of reasonable compensation for services rendered to the petitioner corporation in that year. The respondent contends, and there is some evidence of record to support his contention, that the increased compensation paid to Maklebust in 1941 was to enable him to pay up some creditors of the Peoples Steel Co. with which he was formerly connected. He personally had advised such creditors that he would see to it that they were paid off *47 in full when the profits from his construction business would enable him to make such payments. The greater amount of compensation paid to Maklebust in 1941 was in part to enable him to pay off these creditors of the Peoples Steel Co. He paid off such creditors in 1941. We do not think this derogates from the claim of the petitioner that it is entitled to the deduction herein claimed. It is immaterial what use Maklebust made of his compensation. The only question before us is whether the payment of Maklebust's compensation in 1941 in the amount of $21,043.37 was in excess of reasonable compensation for services actually rendered to the corporation by him in that year. We think that it was not. Decision will be entered under Rule 50. Footnotes
*. Loss - appearing in the years 1938 and 1939.↩
*. Surplus deficit.↩